UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH W. BROWN,<br><br>             Plaintiff,<br><br>       v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>             Defendant. | Case No. 10-cv-04826 NC<br><br>**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT; REMANDING CASE TO SOCIAL SECURITY COMMISSIONER**<br><br>Re: Docket Nos. 30, 31 |

Plaintiff Sarah W. Brown seeks judicial review of the Commissioner of Social Security's final decision denying plaintiff's claim for benefits as either a "wife" or "divorced wife" under Title II of the Social Security Act. Both parties move for summary judgment. The central issue presented is whether Social Security's denial of benefits was based on substantial evidence and was free of legal error.

Because the Commissioner's conclusion was supported by substantial evidence and was free of legal error, the Court GRANTS SSA's motion for summary judgment as to denial of "divorced wife" benefits. As to the denial of "wife" benefits, however, the Court finds this decision was not free of legal error. Accordingly, the Court DENIES both parties' motions for summary judgment with regard to "wife" benefits and remands the case to the Commissioner to redetermine whether plaintiff was validly married at the time she filed her benefits application.

Case No. 10-cv-04826 NC
SUMMARY JUDGMENT

# I. BACKGROUND

## A. Agency Review

On April 4, 2007, plaintiff filed an application for wife's old-age insurance benefits on the record of wage earner Holmes C. Brown. (AR 17, 21.) In her application, plaintiff stated that she married Mr. Brown on July 22, 1964, and that, while a divorce had been granted in 1974, the divorce had thereafter been ruled invalid. (AR 17, 20-21.) Accordingly, plaintiff claimed, she remained married to Mr. Brown. (AR 17, 21.)

On May 21, 2007, the SSA denied plaintiff's request for the old-age benefits associated with Mr. Brown. (AR 22.) The SSA concluded that because plaintiff was not validly married to Mr. Brown at the time she filed her application, she was not entitled to benefits. (*See* AR 22.) The SSA explained that despite plaintiff having "filed cases in court to have this divorce declared void," plaintiff failed to submit proof that any court had found in her favor.[1] *Id*. Such proof, the SSA advised, would be required in order for plaintiff to receive wife's benefits. *Id.*

Having determined that plaintiff's marriage ended in divorce, the SSA considered plaintiff's eligibility as a divorced wife. *Id.* For such purposes, a "divorced wife" is a woman divorced from an insured individual, but only if she had been married to that individual "for a period of 10 years immediately before the date the divorce became effective." 42 U.S.C. § 416(d)(1). The SSA found that plaintiff married Brown in July 1964, and that the marriage subsequently ended by divorce in December 1973. (AR 22.) As such, plaintiff's marriage did not meet the statutorily required ten-year minimum. *Id.* Accordingly, the SSA found her ineligible for benefits as a divorced wife. *Id.*

On plaintiff's request for reconsideration, SSA reviewed plaintiff's claim for benefits under the "divorced wife" standard. (AR 26.) It concluded she was ineligible

---

[1] Plaintiff states that "[t]he divorce granted on or before 06/27/1974 was ruled invalid by John E. Conway, Chief United States District Judge." (AR 17, 21.) This is not correct. Plaintiff misinterprets a statement by Judge Conway, made while reviewing the facts in the light most favorable to Plaintiff, as a finding of fact or holding. *See* Am. Compl. at 10, Dkt. No. 13; *see also* Pl.'s Mot. Summ. Judg. at 2, Dkt. No. 30.

for "divorced wife" benefits because the marriage did not last ten years. (AR 26.)

**B.     Administrative Review**

Plaintiff next sought administrative review of the agency's decision. (AR 244-93.) At a February 26, 2008 hearing before Administrative Law Judge Alberto E. Gonzalez, plaintiff maintained that she remained married to Mr. Brown and, therefore, that the SSA improperly construed her claim as one for divorced wife's benefits. (AR 278.)

**1.     Plaintiff's Claims**

At the hearing, plaintiff alleged that the interlocutory divorce decree granted in December of 1973 (and made final in June of 1974) was void for lack of personal jurisdiction. (AR 262-77.) The crux of plaintiff's argument was that during the time of the divorce proceedings initiated by Mr. Brown in the District of Columbia, plaintiff was undergoing psychiatric care overseas and had no knowledge of, and did not participate in, the proceedings. (AR 13.) Plaintiff claimed that procedural defects in the divorce decree constituted "substantive legal errors of fraudulent dimension," rendering the divorce decree invalid. (Pl.'s Am. Compl. at 4; AR 262-77.) Plaintiff asserted that she therefore remained validly married to Mr. Brown. (AR 278.)

**2.     ALJ's Findings**

On April 23, 2008, the ALJ issued its decision, finding that plaintiff and Mr. Brown were married on July 22, 1964 and became divorced on June 27, 1974 by virtue of the interlocutory divorce decree issued six months earlier. (AR 12-13.) The ALJ therefore analyzed plaintiff's claim according to the eligibility requirements of a divorced spouse and concluded that benefits were properly denied because at the time the divorce became final, plaintiff and Mr. Brown had been married for one month short of the ten-year requirement. (AR 13.) The ALJ explained that analyzing plaintiff's claim as one for divorced spouse's benefits was the appropriate course because consideration of her status as the insured's wife would require review of the divorce decree, which the ALJ concluded it lacked authority to do. (AR 13-14.) The ALJ made this determination for the following reasons: (1) under Supreme Court precedent, federal courts do not have

jurisdiction over divorce decrees (AR 13.); (2) no case law supports the proposition that the ALJ has authority to review or overturn a divorce decree (AR 14.); (3) plaintiff unsuccessfully argued the alleged invalidity of the divorce decree to multiple federal courts (AR 13-14.); and (4) the SSA's regulations make clear that the ALJ's authority is limited to reviewing administrative actions, i.e., initial determinations made by the SSA, which the divorce decree was not. (AR 14.) The ALJ's decision became final on July 30, 2010 when the SSA Appeals Council denied plaintiff's request for review. (AR 3-6.)

## II. STANDARD OF REVIEW

A district court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g). The Commissioner's decision "should only be disturbed if it is not supported by substantial evidence or it is based on legal error." *Hermes v. Sec'y of HHS,* 926 F.2d 789, 790 (9th Cir. 1991) (quotations and citation omitted). The ALJ's determinations of law are reviewed de novo, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

While a reviewing court's task is typically limited to determining whether the Commissioner's decision is supported by substantial evidence, it is equally important for the court to ensure that proper legal standards were applied. *See Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978). Where a reviewing court determines that the Commissioner's findings are in fact not free of legal error, "[r]emand for further administrative proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

///

## III.  DISCUSSION

**A.  Entitlement to Wife's Benefits**

**1.  The ALJ Improperly Relied on Supreme Court Precedent that Has No Application to Plaintiff's Case**

In order to receive old-age benefits as the wife of an insured wage earner, a claimant must be the "wife" of the insured as defined by the Act and its regulations. *See* 42 U.S.C. §§ 402(b); 416(b), (h)(1)(A).  Under 42 U.S.C. § 416(h)(1)(A), one's status as a wife is determined by the law of the state in which the insured is domiciled at the time the application is filed.  42 U.S.C. § 416(h)(1)(A).  Specifically, for eligibility purposes, an applicant is considered the wife of the insured if courts of the state in which the insured is domiciled would find that the applicant and the insured were validly married at the time the application was filed.  *Id.*

The ALJ relied upon *Marshall v. Marshall*, 547 U.S. 293 (2006); *Ankenbrandt v. Richards*, 504 U.S. 689 (1992); and *Barber v. Barber*, 62 U.S. 582 (1859) as support for the decision to decline review of plaintiff's divorce decree.  (AR 13.)  This decision constitutes legal error.

These cases concern the reach of two judicially-created exceptions to the exercise of federal diversity jurisdiction – the domestic relations and probate exceptions.  *See Marshall,* 547 U.S. at 308.  Specifically, the domestic relations exception strips federal courts of the power to issue divorce, alimony, and child custody decrees even though the parties may meet the amount in controversy and diversity requirements.  *Ankenbrandt*, 504 U.S. at 703.  Because this case involves the interpretation of federal law (the Social Security Act and its regulations), it arises within the context of the federal question jurisdiction statute, 28 U.S.C. § 1331, as opposed to the diversity jurisdiction statute, 28 U.S.C. § 1332.

As the Ninth Circuit explained in *Atwood v. Fort Peck Tribal Court Assiniboine*, 513 F.3d 943, 947 (9th Cir. 2008), the "domestic relations" exception is inapplicable to federal question cases.  The court explained that, "[a]lthough *Ankenbrandt* did not address

Case No. 10-cv-04826 NC
SUMMARY JUDGMENT

5

whether the exception applies to the federal question jurisdiction statute, 28 U.S.C. § 1331, the [Supreme] Court's reasoning plainly does not apply to that statute." 513 F.3d at 947. The Ninth Circuit therefore aligned with the Fourth and Fifth Circuits in expressly holding that "the domestic relations exception applies only to the diversity jurisdiction statute." *Id.* (citations omitted). As this case arises under the federal question jurisdiction statute, the domestic-relations exception has no application here. In sum, the ALJ erred as a matter of law in concluding that the court lacked jurisdiction to determine marital status for purposes of assessing a party's entitlement to social security benefits.

### 2. The SSA May Review the Validity of a Divorce Decree for Purposes of Establishing a Claimant's Eligibility to Benefits

The ALJ also erred in finding no law existed that supports the SSA's review of the effectiveness of plaintiff's divorce decree. To the contrary, many courts have held that while the SSA cannot "grant or rescind a divorce . . . it can determine marital status for purposes of entitlement to social security benefits." *Parker v. Sullivan,* 898 F.2d 578, 579 (7th Cir. 1990); *see also Slessinger v. Sec'y of Health & Human Servs.*, 835 F.2d 937, 941 (1st Cir. 1987); *Renshaw v. Heckler*, 787 F.2d 50 (2d Cir. 1986); *Chlystek v. Califano*, 599 F.2d 1270 (3d Cir. 1979); *Cain v. Secretary*, 377 F.2d 55 (4th Cir. 1967); *Sepulveda v. Secretary*, 570 F. Supp. 1423, 1425 (D.P.R. 1983).

In *Parker,* for example, the Seventh Circuit held that, for purposes of determining eligibility to social security benefits, the validity of a claimant's marriage "depends not on the contents of an ex parte order by a state trial court, but on what the highest court of the state would do with that order if it were challenged by the method provided by the state for such challenges." 898 F.2d at 580-81 (citations omitted); *see also* 42 U.S.C. § 416(h)(1)(A)(I) ("An applicant is the wife, husband, widow, or widower of a fully or currently insured individual for purposes of this subchapter if the courts of the State in which such insured individual is domiciled at the time such applicant files an application . . .").

The court's reasoning in *Parker* represents persuasive authority for the ALJ to

review the validity of a divorce decree for purposes of determining a claimant's eligibility to social security benefits. The ALJ here correctly concluded that the SSA could not invalidate Brown's divorce decree. Yet under the reasoning in *Parker*, the SSA could assess the validity of Brown's divorce, applying Virginia law, in order to decide her entitlement to benefits. The ALJ's failure to even consider the divorce decree's validity was an error of law.[2]

**B.   Entitlement to Divorced Wife's Benefits**

There is one issue that needs no further review. The ALJ's determination that plaintiff is not entitled to benefits as a divorced wife (because her marriage lasted less than ten years) is supported by substantial evidence and is free of legal error. Plaintiff married Mr. Brown on July 22, 1964, and, if the decree is found to be valid, was divorced on June 27, 1974. (AR 12-13, 124-25.) Substantial evidence exists to show that Plaintiff's marriage ended nearly one month short of the requisite ten years. *See* 20 C.F.R. § 404.331.

Indeed, plaintiff expressly disavows any entitlement to benefits as a divorced wife. *See* Pl.'s Mot. Req. Case Management Conf. at 18, Dkt. No. 32 ("I am not entitled to SSA divorced spouse's retirement insurance benefits on my husband's record because my husband and I are not divorced. I am seeking federal benefits as my husband's estranged wife."). Accordingly, SSA's motion for summary judgment as to divorced spouse benefits is GRANTED.

## IV.  CONCLUSION

To determine whether a claimant qualifies as a "wife" for eligibility purposes, the SSA must determine whether the courts of the state in which the insured was domiciled at

---

[2] The SSA's Programs Operations Manual (POMS), the SSA's internal manual for its employees, provides an administrative process for evaluating questionable divorce decrees. *See, e.g.,* GN 00305.170B (where the validity of a divorce is questioned on jurisdictional claims, the employee is to obtain a certified copy of the divorce decree and to resolve such issues as "whether the defendant was given notice of the divorce proceeding and how," and "whether the defendant filed an answer in the proceeding or appeared in court.").

Case No. 10-cv-04826 NC
SUMMARY JUDGMENT

7

the time the application was filed would find that the claimant and the insured were validly married. The ALJ refused to consider plaintiff's application as one for wife's benefits, concluding that to consider her anything other than a divorced wife was beyond the ALJ's authority. This was legal error. Ultimately, the SSA may again conclude that plaintiff does not qualify as a "wife" for purposes of Social Security benefits. This conclusion, however, may only be reached after applying Virginia law to determine the validity of plaintiff's divorce decree.

Because the ALJ incorrectly declined to assess the validity of plaintiff's divorce decree, this case is remanded to the Commissioner. On remand, the Commissioner should determine whether Virginia courts would find that Ms. Brown's divorce decree is void, and therefore that she, for purposes of SSA benefits, was validly married to Mr. Brown at the time she filed her application.

For the foregoing reasons, the cross-motions for summary judgment as to "wife" benefits are DENIED. As to the divorced wife benefits, the Commissioner's summary judgment motion is GRANTED. This case is REMANDED to the Commissioner.

IT IS SO ORDERED.

DATED: March 20, 2012

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 10-cv-04826 NC
SUMMARY JUDGMENT

8