UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH W. BROWN,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>  Defendant. | Case No. 10-cv-04826 NC<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Re: Dkt. No. 37 |

Before the Court is defendant Commissioner of Social Security's motion under Federal Rule of Civil Procedure 59(e) to alter or amend this Court's order granting in part and denying in party SSA's motion for summary judgment. The Court decides the pending motion on the papers. *See* Civil L.R. 16-5.

Because the Commissioner has not established that the Court committed clear legal error in remanding the case to assess the validity of plaintiff's divorce decree under Virginia law, the Commissioner's Rule 59(e) motion is DENIED.

## I. BACKGROUND

Plaintiff Sarah Brown filed this action seeking judicial review of the final decision of the Commissioner of Social Security, denying her claim for social security benefits as either a "wife" or "divorced wife." Order Mot. Summ. Judg., Dkt. No. 35.

Case No. 10-cv-04826 NC
Order re: Motion to Alter Judgment

Both parties moved for summary judgment. Pl.'s Mot. Summ. Judg., Dkt. No. 30 ; Def.'s Mot. Summ. Judg., Dkt. No. 31.

The Court granted SSA's motion for summary judgment as to "divorced wife" benefits. Dkt. No. 35. As to "wife" benefits, however, the Court found the ALJ incorrectly declined to assess the validity of plaintiff's divorce decree. *Id.* at 8.

Accordingly, the Court remanded the case for further proceedings to allow the Commissioner to evaluate the validity of plaintiff's divorce under Virginia law. *See* Order Mot. Summ. Judg. at 8. Specifically, the remand order required that the Commissioner "determine whether Virginia courts would find that Ms. Brown's divorce decree is void, and therefore that she, for purposes of SSA benefits, was validly married to Mr. Brown at the time she filed her application." *Id.* at 8. Defendant moves for relief from this portion of the Court's order under Rule 59(e). *See* Mot. Alter Judg. at 2, Dkt. No. 37. Defendant further requests the Court to allow the Commissioner to determine, based on the facts of the record, the proper state law to apply in evaluating the validity of the divorce. *Id.* at 3.

## II. STANDARD OF REVIEW

A district court can "reconsider" final judgments or appealable interlocutory orders under Federal Rules of Civil Procedure 59(e) (governing motions to alter or amend judgments) and 60(b) (governing motions for relief from a final judgment). *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 466-67 (9th Cir. 1989).

Under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a judgment where: (1) the district court is presented with newly discovered evidence or evidence that was previously unavailable; (2) the district court committed clear error or the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. *Turner v. Burlington Northern Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citations omitted).

//

## III. DISCUSSION

The question presented is whether the Court committed clear legal error in remanding the case for the Commissioner to determine the validity of the plaintiff's divorce decree under Virginia law. The Commissioner does not submit newly discovered evidence and does not suggest that there has been an intervening change in controlling law.

### A. Court Did Not Commit Legal Error in Requiring Commissioner to Apply Virginia Law to Assess Validity of Divorce Decree.

The Commissioner asserts two reasons for the Court to amend its summary judgment order under Rule 59(e): (1) that the Commissioner, not the Court, should determine the proper state law to apply in evaluating the validity of the divorce; and (2) that the Court applied erroneous legal standards to determine the applicable state law to assess the validity of plaintiff's marriage to Mr. Brown. Mot. Alter Judg. at 2-3.

#### 1. Determination of State Law Applicable to Assess Validity of Divorce was Before the Court on Administrative Review.

In actions for District Court review of an administrative order, the Court's jurisdiction is limited to determining whether the ALJ's decision is (1) supported by substantial evidence, or (2) is based on legal error through the ALJ's failure to comply with the requirements of the Social Security Act and its implementing regulations. *Hermes v. Sec'y of HHS*, 926 F.2d 789, 790 (9th Cir. 1991) (quotations and citation omitted); 42 U.S.C. § 405(g). Here, as plaintiff raised in her complaint the issue of whether the ALJ's decision failed to comply with the Act, the question of whether Virginia law should apply was properly before this Court. *See* AR 36-38; *see also* Cmplt. at ¶ 8 (asserting that Virginia law should have applied to determination of spousal benefits under SSA); *see also* Pls.'s Opp'n Mot. Alter Judg. at 2 ("There doesn't appear to be room for debate. I filed my claim on 04.04.07. At that time my husband was domiciled in Virginia.").

///

## 2. "Wife Status" Determined by Insured's Domiciliary State at Time Application Filed Under 42 U.S.C. § 416(h)(1)(A).

The Commissioner contends that the Court committed legal error when it ordered the Commissioner to evaluate the validity of plaintiff's divorce decree under Virginia law. Mot. Alter at 2 (referencing Order Summ. Judg. at 8). The Commissioner asserts that the Court's order fails to provide a basis for the application of Virginia law. *Id.*

For eligibility purposes, an applicant is considered the wife of the insured if courts of the state in which the insured is domiciled would find that the applicant and the insured were validly married at the time the application was filed. *See* 42 U.S.C. §§ 402(b), (h)(1)(A). Under 42 U.S.C. § 416(h)(1)(A), one's status as a "wife" is determined "by the law of the state in which the insured is domiciled at the time the application is filed." 42 U.S.C. § 416(h)(1)(A). Section 20 C.F.R. 404.345 further clarifies: "To decide your relationship as the insured's wife or husband, we look to the laws of the State where the insured had a permanent home when you applied for wife's or husband's benefits." 20 C.F.R. § 404.345.

The Commissioner states in its motion "[b]ecause Plaintiff's divorce was entered by a District of Columbia court and Plaintiff's then-husband was domiciled in the District of Columbia (Tr. 124-25, 130-31), the law of the District of Columbia, not Virginia, *would appear* to be applicable." Mot. Alter Judg. at 2 (emphasis added). The Commissioner, however, offers no relevant record citation in support of this contention. Though the insured, Mr. Brown, was domiciled in the District of Columbia at the time he initiated divorce proceedings, it is the insured's state of domicile at the time the applicant applies for benefits, not at the time of divorce, that is determinative. *See* 42 U.S.C. § 146(h)(1)(A) and 20 C.F.R. § 404.345. Virginia law governs the fundamental requirement for claimant's eligibility for spousal benefits under the Social Security Act, i.e., whether claimant and the insured were validly married. *See* 42 U.S.C. § 146(h)(1)(A) and 20 C.F.R. § 404.345. Moreover, the Commissioner offers no facts to rebut plaintiff's assertion that at the time of her application, Mr. Brown was domiciled in

Virginia. *See* Mot. Alter Judg.; *see also* Pls.'s Opp'n Mot. Alter Judg. at 2 ("There doesn't appear to be room for debate. I filed my claim on 04.04.07. At that time my husband was domiciled in Virginia.").

### III.  CONCLUSION

The Commissioner's motion for the Court to alter or amend judgment is DENIED.    IT IS SO ORDERED.

DATED: September 28, 2012

_____
NATHANAEL M. COUSINS
United States Magistrate Judge